IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SEARS AUTHORIZED HOMETOWN STORES, LLC, | § § § |
| Plaintiff, | § § |
| v. | §   Civil Action No. 7:18-cv-00083-O-BP § |
| Y&O WF, LLC, | § § § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Enforce Settlement Agreement (ECF No. 83) and Appendix in Support (ECF No. 84) filed by Y&O WF, LLC ("Y&O") on February 14, 2019; the Response and Counter-Motion to Enforce Settlement Agreement (ECF No. 86) and Appendix in Support (ECF No. 87) filed on March 7, 2019 by Sears Authorized Hometown Stores, LLC ("Sears"); Y&O's Reply (ECF No. 88) filed on March 20, 2019; and Sears' Reply in Support of its Counter-Motion to Enforce Settlement Agreement (ECF No. 89) filed on April 3, 2019. United States District Judge Reed O'Connor referred Y&O's Motion (ECF No. 83) and all related responses, replies, briefs in support, appendices, etc., to the undersigned by Order dated February 19, 2019. (ECF No. 85).

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Sears' Counter-Motion to Enforce Settlement Agreement (ECF No. 86) and **DENY** Y&O's Motion to Enforce Settlement Agreement (ECF No. 83).

I.   BACKGROUND

What remains in this case is a dispute concerning the terms of a settlement agreement. The case began when Sears sued Y&O for injunctive relief and damages in connection with recovery of its equipment, inventory, and intellectual property in the Sears Hometown Store located in a shopping center owned by Y&O in Wichita Falls, Texas. (ECF No. 1). Faith Retail, LLC ("Faith") and Cheryl Lynn Warren ("Warren"), the owner of Faith, operated that store until May 18, 2018, when they allegedly abandoned it and Y&O locked the premises. (*Id.* at 2-3). Y&O counterclaimed against Sears and filed a Third-Party Complaint against Faith and Warren. (ECF No. 18). Sears, Faith, and Warren filed no claims against each other in this case.

Judge O'Connor initially referred only Sears' motion for temporary restraining order to the undersigned, but later referred the entire case for pretrial management. (*See* ECF Nos. 15 and 36). Sears and Y&O reached an agreement regarding Sears' motion for a temporary restraining order. (ECF Nos. 30 and 33). Y&O ultimately settled its third-party claims against Faith and Warren. (*See* ECF Nos. 60 and 61). Y&O filed a Joint Motion for Entry of Judgment Against Third Party Defendants. (ECF No. 60), explaining that it entered a settlement agreement with Faith and Warren that included "entry of . . . judgment" and "fully and completely resolve[d] all claims by and between . . . these parties." (*Id.* at 1). Judge O'Connor granted Y&O's Motion and entered final judgment against Faith and Warren on October 16, 2018. (ECF No. 61). At that time, Faith and Warren ceased to be parties to this case.

On November 29, 2018, the undersigned entered Findings, Conclusions, and a Recommendation that addressed Y&O's Supplemental Motion to Dismiss (ECF No. 34) and its Rule 12(b)(6) Motion to Dismiss Sears' Misappropriation of Trade Secrets claim (ECF No. 51). (*See* ECF No. 73). On December 17, 2018, Judge O'Connor accepted the recommendation and denied Y&O's Motions to Dismiss. (ECF No. 80). On December 18, 2018, Melvin Wolovits, who

conducted a mediation with Sears and Y&O, filed an ADR Summary that stated that the parties had reached a settlement following the ADR session on December 13, 2018 (ECF No. 81). The undersigned then entered an order on December 19, 2018, requiring the parties to file the appropriate dismissal papers pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or an agreed motion with corresponding proposed order on or before February 17, 2019. (ECF No. 82).

On February 14, 2019, Y&O filed its Motion to Enforce Settlement Agreement (ECF No. 83), arguing that Sears refused to sign the draft settlement agreement attached in the Appendix in Support (ECF No. 84-16). Y&O alleges that Sears and it accepted the Mediator's Proposal (ECF No. 84-3) ("the Proposal"), which represented the parties' agreement to settle the case and release all claims that each party had against the other, including any and all future claims that may arise from this case. (*See* ECF No. 83 at 7-10). Y&O also asserts that the parties' intent, as reflected in the Proposal, was for Sears to release any and all claims that it had or might in the future have against Faith and Warren as well. (*Id.* at 11-14). Y&O argues that settlement of the entire lawsuit included Sears' claims against Faith and Warren because Y&O had agreed to defend Faith and Warren from such claims as part of its settlement with those parties. (*Id.*). Without settlement of those claims, Y&O asserts it could not have settled all of its claims with Sears. (*Id.*).

Sears responded with its Counter-Motion to Enforce the Settlement Agreement (ECF No. 86), arguing that the Proposal "by its terms, applies only to claims 'by and between' Y&O and [Sears] and does not address any claims … against Warren and Faith . . . ." (*Id.* at 11). Y&O replies that: (1) Sears ignores crucial language in the Proposal; (2) Y&O does not request the Court to interpret its subjective intent or to consider parol evidence; (3) Y&O asks the Court to consider the "context and underlying factual development related to the 'third party claims' as referenced in the Proposal; and (4) it "requests enforcement of the *express* words of the parties' agreement — all of the words, not just the ones [Sears] seeks to have enforced against Y&O only." (ECF No. 88

at 1-2). Finally, Sears replies in support of its Counter-Motion that Y&O ignores crucial language in the Proposal, attempts to add terms through inappropriate parol evidence, and seeks to expand the scope of the settlement to include Sears' claims against Faith and Warren. (*See generally* ECF No. 89). The parties' Motions (ECF Nos. 83 are 86) are now ripe for adjudication.

## II. LEGAL STANDARD

"A district court may exercise its discretion to enforce a settlement agreement . . . ." *Weaver v. World Fin. Corp. of Texas*, No. 3:09-CV-1124-G, 2010 WL 1904561, at *1 (N.D. Tex. May 12, 2010) (citing *Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137, at *1 (5th Cir. 1998) (per curiam)). The Court has diversity of citizenship jurisdiction over the claims in the instant case. (*See* ECF No. 1 at 1-5). A court exercising diversity jurisdiction applies the law of the state in which the settlement agreement was negotiated and is to be performed. *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987). "More specifically, the enforceability of a settlement agreement in a diversity case tried in a federal district court in Texas is governed by the provisions of Rule 11 [of the] Texas Rules of Civil Procedure ('Texas Rule 11')." *Borden v. Banacom Manufacturing and Marketing, Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988). Under Texas Rule of Civil Procedure 11, "a settlement agreement is enforceable only if it is (1) 'in writing, signed[,] and filed with the papers as part of the record' or (2) 'made in open court and entered of record.'" *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (citing Tex. R. Civ. P. 11; *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000)).

## III. ANALYSIS

Neither Sears nor Y&O disputes the validity or enforceability of the Proposal that both parties signed and accepted on December 18, 2018. (*See* ECF No. 83 at 7; ECF No. 84-3 at 3-4). Each party seeks to enforce the Proposal, and their only dispute concerns the scope of the Proposal. (ECF No. 83 at 11-14; ECF No. 86 at 11-18; ECF No. 88 at 1-2; ECF No. 89 at 2-6). Specifically,

Sears and Y&O disagree as to whether the Proposal included a requirement that Sears release existing and future claims against Faith and Warren. The undersigned finds that the Proposal does not include this requirement.

Under Texas law, "[a] release is a writing which provides that a duty or obligation owed to one party to the release is discharged immediately on the occurrence of a condition." *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (citing *National Union Fire Ins. Co. v. Insurance Co. of N. Am.*, 955 S.W.2d 120, 127 (Tex. App.—Houston [14th Dist.] 1997), *aff'd,* 20 S.W.3d 692 (Tex. 2000)). "Like any other agreement, a release is subject to the rules of construction governing contracts." *Baty*, 63 S.W.3d at 848 (citing *Grimes v. Andrews*, 997 S.W.2d 877, 881 (Tex. App.—Waco 1999, no pet.)). "When construing a contract, courts must give effect to the true intentions of the parties as expressed in the written instrument." *Baty*, 63 S.W.3d at 848 (citing *Lenape Resources Corp. v. Tennessee Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996)). "The contract must be read as a whole, rather than by isolating a certain phrase, sentence, or section of the agreement." *Baty*, 63 S.W.3d at 848 (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995)). "The language in a contract is to be given its plain grammatical meaning unless doing so would defeat the parties' intent." *Baty*, 63 S.W.3d at 848 (citing *DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999)).

"Although oral statements regarding the parties' intentions are inadmissible to vary or contradict the terms of the agreement, the court may examine prior negotiations and all other relevant incidents bearing on the intent of the parties." *Baty*, 63 S.W.3d at 848 (citing *Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 132 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd)). "Such an examination assists the court in ascertaining the object and purpose of the contractual language the parties chose to include in the written instrument." *Id.* "The court

should construe a contract by considering how a reasonable person would have used and understood such language, considering the circumstances surrounding its negotiation and keeping in mind the purposes which the parties intended to accomplish by entering into the contract." *Baty*, 63 S.W.3d at 848 (citing *National Union Fire Ins. Co.*, 955 S.W.2d at 127).

"To effectively release a claim, the releasing instrument must 'mention' the claim to be released." *Baty*, 63 S.W.3d at 848 (citing *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991)). "Any claims not 'clearly within the subject matter' of the release are not discharged, even if those claims exist when the release is executed." *Id.* "It is not necessary, however, for the parties to anticipate and identify every potential cause of action relating to the subject matter of the release." *Baty*, 63 S.W.3d at 848 (citing *Keck, Mahin & Cate v. National Union Fire Ins. Co.*, 20 S.W.3d 692, 698 (Tex. 2000)). "Although releases generally contemplate claims existing at the time of execution, a valid release may also encompass unknown claims and damages that develop in the future." *Id.*

The Proposal is styled:

**SEARS AUTHORIZED HOMETOWN STORES, LLC, (PLAINTIFF)**
**VS.**
**Y&O WF, LLC, ET AL (DEFENDANTS)**
**(Jointly referred to as the "Parties")**

(ECF No. 84-3 at 2). "Defendants" and the "Parties" are defined as Sears (Plaintiff) and Y&O, et al (Defendants). (*Id.*). As explained above, Sears and Y&O were the only parties remaining in the case when the Proposal was drafted and accepted by the "Parties." (*See* ECF No. 61; ECF No. 84-3 at 3-4). Third-party defendants Faith and Warren were no longer defendants as they had settled their respective claims with Y&O, and Judge O'Connor entered final judgment against them. (*See* ECF No. 61). The Proposal refers to there being more than one defendant by including the Latin term "et al," for *et alia* or "and others," in the style of the case and elsewhere in the document.

However, the mediator's reference to Y&O "and others" as "Defendants" and other references to more than one defendant in the Proposal are of no moment. The actual "Parties" to the Proposal were Y&O and Sears, the only remaining parties in this case at the time of the mediation and execution of the Proposal and the only parties whose signatures, including those of their counsel, appear on the Proposal.

With this understanding in mind, the undersigned finds that the intentions of Sears and Y&O expressed in the Proposal regarding the claims by or against Sears were that Sears intended to release any and all claims and future claims that it had against Y&O, and this did not include claims that Sears had or might thereafter have against Faith and Warren. *Baty*, 63 S.W.3d at 848 (citing *Lenape Resources Corp.*, 925 S.W.2d at 574). This is evidenced by a reading of the Proposal as a whole, "rather than by isolating a certain phrase, sentence, or section of the [proposal]." *Baty*, 63 S.W.3d at 848 (citing *Beaston*, 907 S.W.2d at 433).

The Proposal states in pertinent part that:

> The following Mediator's Proposals are being made to settle any and all claims/counter-claims/third party claims, whether by assignment or otherwise, by and between PLAINTIFF and DEFENDANTS, which are brought or could have been brought in Cause 7:18-CV-00083 . . . (the "LAWSUIT").
>
> The LAWSUIT will be settled if the Parties accept the terms of this Mediator's Proposal as set forth below.
>
> . . .
>
> 1. The parties agree: 1. to submit to the Court an Agreed Motion and Order of Dismissal with prejudice of all claims/counter-claims/third party claims, whether by assignment or otherwise, and a request that the Court release to Plaintiff the Bond it posted in this Lawsuit, . . .; and 2. To execute a full and final general release of any and all claims/counter-claims/third party claims, whether by assignment or otherwise claims, which release will include: (a) a certification by Defendants and counsel that they have returned or destroyed all documents (including electronic versions) it received, if any, from Cheryl Warren related to Plaintiff's business operations, and (b) a confidentiality provision regarding the terms of settlement of the Lawsuit, and documents related to Plaintiff business operations, if any, Cheryl Warren provided to Defendants, or any of them; and

> 2. Defendants' attorney will prepare the Release and all other documents reasonably required to effectuate this settlement and the dismissal with prejudice of this lawsuit, and release of Plaintiff's bond, on or before December 28, 2018 . . . .

(ECF No. 84-3 at 2).

When construing the plain language of the Proposal, the parties neither contemplated nor expressed an intent that Sears was to release any and all claims and future claims that it had against Faith and Warren. Faith and Warren were not included in the term "Parties," were not parties to the case on the date of the Proposal, and were not included as signatories to the Proposal, nor were their attorneys. Thus, when the "Parties" released all "claims/counter-claims/third party claims, whether by assignment or otherwise, *by and between* PLAINTIFF and DEFENDANTS," they were referring only those claims "by and between" Sears and Y&O, which did not include any potential claims that Sears then had or might thereafter have against Faith and Warren. (*Id.*). (Emphasis added).

Moreover, the plain language of the Proposal included the specific terms that the "full and final general release" needed to encompass. (*Id.*). The parties intended for the final release to include: (a) a certification from Y&O (the only remaining defendant) that all documentation it had received from Warren relating to Sears' business operations would be returned or destroyed; and (b) a confidentiality provision. (ECF No. 84-3 at 2). Although Warren is mentioned in the specific terms of the "full and final general release," she is not mentioned in the context of a party to be released as part of the Proposal and the ultimate settlement of this case as Y&O argues. The specific terms of the "full and final general release" do not include a requirement that Sears release any and all present and future claims against Faith and Warren.

Sears and Y&O could have inserted a provision in the Proposal that specifically included Sears' claims against Faith and Warren, but they did not do so. "Considering the circumstances

surrounding [the Proposal's] negotiation and keeping in mind the purposes which the parties intended to accomplish by entering into the [Proposal]," "a reasonable person would have . . . understood" that the Proposal only pertained to the claims asserted by Sears and Y&O against the other and not potential claims that Sears may have had against former third-party defendants Faith and Warren. *Baty*, 63 S.W.3d at 848 (citing *National Union Fire Ins. Co.*, 955 S.W.2d at 127).

Y&O's arguments that Sears agreed to release any claims against Faith and Warren are contrary to the plain meaning of the Proposal. Y&O hinges its arguments on the clause in the first numbered paragraph of the Proposal: "the parties' release of all '. . . ***third party claims, whether by assignment or otherwise*** . . . .'" (*See* ECF No. 88 at 1) (emphasis added). Y&O would have this term include unasserted claims that Sears had against Faith and Warren, but the plain language of the Proposal does not go that far. This is particularly so when these provisions are read in conjunction with the introductory language in the first paragraph of the Proposal which refers to refers to claims "by and between PLAINTIFF AND DEFENDANT, which are brought or could have been brought" in the case. (ECF No. 84-3 at 2). There were no third-party claims at issue in the case on the date the parties signed the Proposal, and in the absence of any reference to Sears' claims against Faith and Warren, it stretches the meaning of the plain language beyond reasonable limits to include them as Y&O requests. Any claims that Sears had or might thereafter have against Faith and Warren were beyond the scope of the dispute between Sears and Y&O at the time the Proposal was executed and thus are not within the settlement contemplated by the parties as expressed in that document.

## IV.   CONCLUSION AND RECOMMENDATION

The scope of the Mediator's Proposal to which Sears and Y&O agreed was for mutual releases "by and between" Sears and Y&O and does not include a requirement that Sears release any and all then existing claims or future claims that it might thereafter have against Faith and

9

Warren. Thus, after considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Sears' Counter-Motion to Enforce Settlement Agreement (ECF No. 86) and **DENY** Y&O's Motion to Enforce Settlement Agreement (ECF No. 83).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on **September 3**, **2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE