IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SEARS AUTHORIZED HOMETOWN STORES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:18-cv-00083-O-BP |
| Y&O WF, LLC, | § § § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On September 3, 2019, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 90. The FCR recommended that the Court deny Defendant Y&O WF LLC's ("Y&O") Motion to Enforce Settlement Agreement ("Def.'s Mot.") (ECF No. 83), filed February 14, 2019, and grant Plaintiff Sears Authorized Hometown Stores, LLC's ("Sears") Counter-Motion to Enforce Settlement Agreement ("Pl.'s Counter-Mot.") (ECF No. 86), filed March 7, 2019. Y&O filed Objections ("Def.'s Obj.") (ECF No. 92), and Sears filed a Response ("Pl.'s Resp.") (ECF No. 95).

The Court has conducted a de novo review of those portions of the FCR to which an objection was made. For the following reasons, Y&O's objections are **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **DENIES** Y&O's Motion to Enforce Settlement Agreement and **GRANTS** Sears's Counter-Motion to Enforce Settlement Agreement.

### I. BACKGROUND

Following a dispute pertaining to the lease of a retail property located in Wichita Falls, Texas and owned by Y&O, Y&O and Sears entered into a settlement agreement (the "Proposal"), the scope

1

of which they now contest. *See* Def.'s Mot. 6–7, ECF No. 83; Pl.'s Counter-Mot. 8, ECF No. 86. Specifically, the parties challenge whether the Proposal prevents Sears from bringing third-party claims against Faith Retail, LLC ("Faith") and its owner, Cheryl Warren ("Warren"). *See id.* Faith and Warren are not parties to the Proposal and are no longer parties to this action. *See* Def.'s Mot. 6, ECF No. 83; Pl.'s Counter-Mot. 4–5, ECF No. 86

This case began when Sears sued Y&O for injunctive relief and damages in connection with Y&O's alleged "wrongful[] withholding" of its equipment, inventory, and intellectual property, all located in the Sears Hometown Store in a shopping center owned by Y&O. Compl. 3, ECF No. 1. Faith and Warren operated that store until May 18, 2018, when they allegedly abandoned it and Y&O locked the premises. *Id.* at 2–3. In response, Y&O filed a Counterclaim against Sears and a Third-Party Complaint against Faith and Warren. Original Countercl. & Third-Party Compl., ECF No. 18. Ultimately, Y&O settled its third-party claims against Faith and Warren. *See* Settlement Agreement & Release, ECF No. 84-2. In their signed agreement, Faith and Warren agreed "to assign to Y&O any and all claims that the Warren Defendants may have against [Sears] and any of its affiliates," and Y&O agreed "to defend the Warren Defendants from any claims asserted by [Sears]." *Id.* at 1–2. The Court approved the agreement and entered a Final Judgment "fully and completely resolv[ing] all claims by and between these parties" and dismissing the claims with prejudice. Final J. 1, ECF No. 61.

Y&O and Sears, the remaining parties in the litigation, engaged in mediation before mediator Melvin Wolovits (the "Mediator"). *See* Alternative Dispute Resolution Summ., ECF No. 81. The Mediator's ADR Summary stated that Y&O and Sears "[s]ettled as a result of ADR." *Id.* The Mediator sent Y&O and Sears the Mediator's Proposal ("the Proposal"), which states that it is "made to settle any and all claims/counter-claims/third party claims, whether by assignment or otherwise, by and between PLAINTIFF and DEFENDANTS, which are brought or could have been brought in Cause

2

7:18-CV-0083." Proposal 1, ECF No. 84-3. By signing the release, Y&O and Sears agreed "to submit to the Court an Agreed Motion and Order of Dismissal with prejudice of all claims/counter-claims/third party claims." *Id.* The Magistrate Judge also ordered Y&O and Sears to file the appropriate dismissal papers. *See* Order, ECF No. 82.

Shortly thereafter, "[t]he parties reached an impasse." Pl.'s Resp. 3, ECF No. 95. They disagreed on the scope of the Proposal and were unable to draft a mutually satisfying settlement agreement. *See id.* Y&O filed a Motion to Enforce Settlement Agreement, stating that Sears refused to sign its draft settlement agreement and asking the Court to uphold Y&O's interpretation of the Proposal. *See* Def.'s Mot. 5–7, ECF No. 83. "The draft agreement prepared by Y&O contain[ed] mutual releases that include[d] the claims assigned by Warren to Y&O as well as any claims [Sears] may have against Warren or Faith Retail. . . ." *Id.* at 6. Y&O asserts that this agreement was consistent with the Proposal, which it took to reflect the parties' intent to "negotiate a comprehensive, 'walk away' resolution that foreclosed any possibility of further litigation involving [Sears] or Y&O related to the Wichita Falls store location." *Id.* at 4. It argues that the Proposal was intended to foreclose Sears' potential claims against Faith and Warren, given that Y&O had previously agreed to defend Faith and Warren from such claims. *See id.* at 3–4. Though Y&O recognizes the parties' disagreement regarding the "intended scope of the release," it highlights that the Proposal "was signed by both parties and their counsel, included consideration[,] provided that [it] became enforceable upon execution by both parties . . . [and] encompassed all material terms." *Id.* at 8. It maintains that there was "no doubt" that the Proposal "reflected the parties' intent to enter into a binding agreement as well as an intent to fully settle the entire lawsuit." *Id.*

In response, Sears filed a Counter-Motion to Enforce the Settlement Agreement, in which it provides is own interpretation of the Proposal. Pl.'s Counter-Mot., ECF No. 86. Therein, Sears argues that the Proposal applies only to claims "by and between" Y&O and Sears and does not prevent Sears

3

from bringing future claims against Faith and Warren, which were "never sued by [Sears], were not parties to the lawsuit at the time of the mediation, did not participate in the mediation, are nowhere mentioned in the release provisions of the Mediator's Proposal, and are not parties to the Proposal." *Id.* at 1–2. Sears argues that Y&O is asking the Court to read alleged intent that goes beyond the Proposal's agreed-upon text. *See id.* at 3.

The Magistrate Judge considered both Y&O's Motion and Sears's Counter-Motion, and he issued Findings, Conclusions, and a Recommendation in this case on September 3, 2019. FCR, ECF No. 90. Y&O filed Objections. Def.'s Obj., ECF No. 92. Sears responded. Pl.'s Resp., ECF No. 95. The FCR, Objections, and Response are now ripe for review.

## II. LEGAL STANDARD

"A [d]istrict [c]ourt has the power to enforce . . . a settlement agreement reached in a case pending before it." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). In a diversity case, a federal court reviewing a settlement agreement applies the law of the state in which the agreement was negotiated and is to be performed. *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987). "More specifically, the enforceability of a settlement agreement in a diversity case tried in a federal district court in Texas is governed by provisions of Rule 11[ of the] Texas Rules of Civil Procedure ('Texas Rule 11')." *Borden v. Banacom Mfg. & Mktg., Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988) (citing *Anderegg v. High Standard, Inc.*, 825 F.2d 77, 80–81 (5th Cir. 1987)). Under Texas Rule 11, "a settlement agreement is enforceable only if it is (1) 'in writing, signed[,] and filed with the papers as part of the record' or (2) 'made in open court and entered of record.'" *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (citing Tex. R. Civ. P. 11; *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000)).

## III. ANALYSIS OF OBJECTIONS

Plaintiff makes several objections to the Magistrate Judge's FCR. First, Y&O argues that the

4

FCR fails to give meaning to essential terms in the Mediator's Proposal. Def.'s Obj. 5–7, ECF No. 92. Second, Y&O argues that the FCR fails to consider relevant facts bearing on the parties' intent. *Id.* at 7–8. And third, Y&O argues that the "by and between" language in the mediator's proposal does not exclude Sears's third-party claims against Faith and Warren. *Id.* at 8–9. This Court reviews each objection de novo.

First, Y&O objects to the FCR by asserting that "the Magistrate failed to give meaning to essential terms in the Mediator's Proposal." *Id.* at 5. Y&O specifically objects to the FCR's interpretation of the phrase "third-party claims, whether by assignment or otherwise," and the Proposal's use of the phrase "et al." in reference to the parties to the litigation. *Id.* at 5–7.

A court interpreting a contractual document must give meaning to every word and provision therein. *Tenn. Gas Pipeline Co. v. F.E.R.C.*, 17 F.3d 98, 103 (5th Cir. 1994). But in giving meaning to each word, the court must be careful not to isolate phrases. *Nat'l Union Fire Ins. Co. v. Ins. Co. of N. Am.*, 955 S.W.2d 120, 127 (Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 20 S.W.3d 692 (Tex. 2000). Further, it must give "[t]he language in an agreement its plain grammatical meaning unless [doing] so would defeat the parties' intent." *DeWitt Cty. Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999).

Y&O contends that use of the Proposal's term "third party claims" must be interpreted to include a release of possible third-party claims Sears might have against Faith and Warren. Def.'s Obj. 6, ECF No. 92. The language "third party claims, whether by assignment or otherwise" follows the caption "SEARS AUTHORIZED HOMETOWN STORES, LLC (PLAINTIFF) VS. Y&O WF, LLC, ET AL (DEFENDANTS) (Jointly referred to as the 'Parties')" and precedes the clause "by and between PLAINTIFF and DEFENDANTS." Proposal, ECF No. 84-3. When Y&O and Sears mediated their claims and signed the Proposal, they were the only two parties left in the case. *See* Final J. 1, ECF No. 61 (dismissing all claims by and against Faith and Warren). Further, Faith and Warren were

5

not present at the mediation, nor did they sign the Proposal. *See* Decl. of Stephen Garden 3, ECF No. 84-1; Proposal 1, ECF No. 84-3. Given that the Proposal lacks any express intent by Sears to release any future claims it may have against Faith and Warren or to include Faith and Warren in the term "Parties," there is no textual basis to foreclose these claims.

Y&O also contends that the use of the Latin phrase "et al." and plural form of "DEFENDANTS" indicates that the release document contemplated Faith and Warren as parties to the lawsuit, *see* Def.'s Obj. 7, ECF No. 92, but this argument breaks down. Not only did the Magistrate Judge correctly conclude that the Proposal's use of "et al." and "DEFENDANTS" was of no moment given that Y&O and Sears were the only remaining parties to the case, in the arbitration, and named on the Proposal, *see* FCR 7, ECF No. 90, Y&O's and Sears's consensus that the Proposal is a final agreement dismantles Y&O's argument. The Proposal states that the suit "will be settled if the Parties accept the terms of this Mediator's Proposal as set forth below. If one party rejects the Mediator's Proposal, there will be no acceptance and the Mediator will only report to the parties that the [suit] was not settled." Proposal 1, ECF No. 84-3. Following Y&O's argument to its logical end would require the Court to find that there really is no valid agreement, since Faith and Warren—the alleged additional "Parties"—did not accept the terms and sign the Proposal. Both Y&O's and Sears's arguments are premised on the opposite conclusion—that the Proposal is complete and enforceable as is. *See* Mot. 8, ECF No. 83; Counter-Mot. 8, ECF No. 86.

Accordingly, the Magistrate Judge did not fail to give meaning to the relevant terms in the Proposal, and this objection is **OVERRULED.**

Second, Y&O objects to the FCR by arguing that the Magistrate Judge should have "examine[d] the parties' prior negotiations and all other relevant incidents bearing on the intent of the parties." Def.'s Obj. 7, ECF No. 92. In other words, Y&O would have the Court consider the background in order to read the Parties' alleged intent into the Proposal. Specifically, Y&O calls the

6

Court to consider Y&O's separate settlement with Faith and Warren, as well as Sears's knowledge that Y&O agreed to defend Faith and Warren against future claims.

Courts ought to interpret agreements according to the "true intentions of the parties," but these intentions must be "expressed in the written instrument." *See Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996). To effectively release claims, a releasing document must identify and "mention" those claims. *Victoria Bank & Tr. Co.*, 811 S.W.2d 931, 938 (Tex. 1991). Even if certain claims exist at the time an agreement is executed, only those that are "clearly within the subject matter of the release" are discharged. *Id.*

Here, the language "by and between PLAINTIFF and DEFENDANTS" is dispositive because, as previously stated, Sears and Y&O were the only parties to the action at the time they signed the Proposal. Thus, the Proposal identified and foreclosed all current and future claims by and between "the Parties"—and *only* by and between "the Parties." To read in then non-existent third-party claims Sears may have against Faith and Warren would essentially modify the language of the Proposal to read "by and between Sears, Y&O, Faith, and Warren." If this was the parties' intention, the Mediator could have drafted the Proposal accordingly, or Y&O could have objected to the omission of that provision. The Mediator did not draft the Proposal to include extra-contractual entities or individuals, Y&O did not object before signing the Proposal, and the Court will not redraft the Proposal now.

Thus, the Magistrate Judge did not err by sticking to the text of the Proposal, and this objection is **OVERRULED.**

Third, Y&O objects to the FCR contending the "by and between" language in the mediator's proposal does not exclude Sears's third-party claim against Faith and Warren. Def.'s Obj. 3, ECF No. 92.

A contract is interpreted in light of how a reasonable person would have understood the language, circumstances of negotiation, and the purposes for entering into the agreement—all at the

7

time the parties executed the contract. *See Nat'l Union Fire Ins. Co.*, 955 S.W.2d at 127–28. Faith and Warren were not listed as "Parties," were not defendants to the action, were not part of the litigation at the date of the Proposal, and did not sign the Proposal. Thus, a "reasonable person" reading the Proposal would have understood the phrase "by and between the PLAINTIFF and DEFENDANTS" as referencing the claims "by and between" the listed parties that engaged in mediation and signed the Mediator's Proposal: Y&O and Sears. *See id.* Again, if Y&O and Sears intended to include Faith and Warren, an additional provision in the Proposal could have clarified the scope. Given that the parties did not include such a provision, the Court will not supply one retroactively.

Y&O's final objection is **OVERRULED**.

### IV. CONCLUSION

Based on the foregoing analysis, the Court **ADOPTS** the findings and conclusions in the FCR (ECF No. 90) as the findings and conclusions of the Court. The Court **ORDERS** that Defendant Y&O's Objections (ECF No. 92) are **OVERRULED**. The Court **DENIES** Defendant Y&O's Motion to Enforce the Settlement Agreement (ECF No. 83) and **GRANTS** Plaintiff Sears's Counter-Motion to Enforce the Settlement Agreement (ECF No. 86).

**SO ORDERED** on this **11th day of November, 2019.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE